**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**BURT ALMY IRA BY KAY ALMY** and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assignees of BURT ALMY (deceased), all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action, **KAY ALMY, DANIEL GREEN, NATHAN HALE, MEGAN NICKELL, JASON FABIANO, NATENIN KOURUMA, CYNTHIA KELLY** personal representative for the Estate of IRENE FLORES deceased, and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assignees of Irene Flores (deceased), all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action, **MARGARET WILLIAMS, ESHRAK AWAD, MICHAEL LEGION, WILLIAM D PARKER, TRACY SMITH, GROUP HOLDINGS LLC (LAMAR GRACE), JANICE RYAN, DERRICK WARFORD, LANIER THOMAS, LAWRENCE HOLLOWAY, STEPHANIE YOULES, KAMANI PATTERSON, ROBERT HARVEY, ZERRICK WYNN, MICHAEL HOGAN, SHANTERRIO PARCHMAN, ALEK Y LYATKER, MARK & NAKIA RAY, TORY SEATON, STAFONII RICHARDSON, WILLIAM MADDEN** personal representative for the Estate of Phylis Wall deceased, and all the unknown claimants

**Case No.**

**Hon.**

**Magistrate Judge**

**Curtis Ivy, Jr.**

**JURY DEMANDED**

and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assignees of Phylis Wall (deceased), all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action**, ADAM RAKES, TAMIKA & HAROLD LEE, SHANNON KNIGHT** personal representative for the Estate of Marckell Johnson deceased, and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assignees of Marckell Johnson (deceased), all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action, **AMRIK MAHAL, SONJA MILLER, EUGENE CAMPBELL, SHEVON LUCAS-JOHNSON** personal representative for the Estate of Aaron Johnson deceased, and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assignees of Aaron Johnson (deceased), all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action, **MOYA & JERMAINE HENDERSON, FREDRICK HENDERSON TRUST, MARK CRUZ, WYALEAN LEVYE, BJI RENTALS (WYALEAN LEVYE), HOLLIE WIELKERWICZ, SHARRON REDDING, ROSE THOMPSON, PHYLIS KAMINSKY, KANDIE L MOORE, JOSHUA HENSMAN, LINCOLN PARK BUILDING (SCOTT ZACK), SCOTT ZACK, JAMESHA BROWN, DORTHY A SINKIEWICZ, DORTHY A SINKIEWICZ**

**REVOCABLE TRUST JOHN FIELDS TRUSTEE** and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assignees of Dorthy Sinkiewicz (deceased), all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action, **Dorsey Williams** personal representative for the Estate of Patricia R Williams deceased, and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assignees of Patricia R Williams (deceased), all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action, **STARDUST LOUNGE, JWAN BULLARD, SANDRA CARTWRIGHT, DIAMA MOZURKEWICH TRUSTEE KARL S HORVATH TRUST**, and all the unknown claimants and owners, and all the heirs, devisees or assigns of the claimants and owners and all the heirs, devisees and assignees of KARL S Horvath (deceased), all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action, **DIANA MOZURKEWICH**, **FRANCIS THORTON**, **JEFFREY & JENNIE ZAJAC,** for themselves and all those similarly situated; and all the unknown claimants and owners, and all the heirs, devisees or assigns of claimants and owners and all the heirs, devisees and assignees of the estate's decedent, all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action,

**Plaintiffs,**

**v.**

**COUNTY OF WAYNE, CITY OF TAYLOR, ERIC SABREE, Treasurer of Wayne County, in his official and personal capacities, and RICK SOLLARS (Inmate No. 58062-039), former Mayor of the City of Taylor, in his former official and personal capacities,**

**Defendants.**

________________________________/

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

## COMPLAINT

NOW COMES Burt Almy IRA by Kay Almy, , Daniel Green, Nathan Hale, Megan Nickell, Jason Fabiano, Natenin Kouruma, Cynthia Kelly as Personal Representative for Irene Flores, Margaret Williams, Eshrak Awad, Michael Legion, William D Parker, Tracy Smith, Group Holdings LLC (Lamar Grace), Janice Ryan, Derrick Warford, Lanier Thomas, Lawrence Holloway, Stephanie Youles, Kamani Patterson, Robert Harvey, Michael Hogan, Shanterrio Parchman, Alek Y Lyatker, Mark & Nakia Ray, Tory Seaton, Stafonii Richardson, William Madden PR for

Estate of Phylis Wall, Adam Rakes, Tamika & Harold Lee, Shannon Knight PR for Estate of Marckell Johnson, Amrik Mahal, Sonja Miller, Eugene Campbell, Shevon Lucas-Johnson PR for Estate of Aaron Johnson, Moya & Jermaine Henderson, Fredrick Henderson Trust, Mark Cruz, Wyalean Levye, BJI Rentals (Wyalean Levye), Lamont Hunter, Hollie Wielkerwicz, Sharron Redding, Rose Thompson, Phylis Kaminsky, Kandie L Moore, Joshua Hensman, Lincoln Park Building LLC (Scott Zack), Scott Zack, Jamesha Brown, Dorthy A Sinkiewicz, Dorthy A Sinkiewicz Revocable Trust John Fields Trustee, Dorsey Williams PR for Estate of Patricia R Williams, Stardust Lounge, Jwan Bullard and Sandra Cartwright, Diana Mozurkewich Trustee Karl S Horvath Trust, Diana Mozurkewich, Francis Thorton, Jeffrey & Jennie Zajac, on behalf of themselves individually and all the unknown claimants and owners, and all the heirs, devisees or assigns of claimants and owners and all the heirs, devisees and assignees of the estate's decedent, all or any of whom may have or had an interest in the foreclosed property or the subject matter of this action, by and through counsel and for their Complaint, states as follows:

## <u>INTRODUCTION</u>

1. This is a case of governmental abuse that cries out for a remedy, especially in light of *Tyler v. Hennepin Cnty., Minnesota,* 143 S. Ct. 1369 (2023).

2. Defendants' conduct caused the deprivation of Plaintiffs and their valuable property rights consisting of equity in real property without just compensation.

3. This abuse stems from the Defendants' property tax foreclosure of Plaintiffs property under the prior Michigan General Property Tax Act (GPTA). The prior GPTA authorized counties to foreclose private property whose owners have failed to pay property taxes for three years. Those properties may be sold at auction, and the proceeds are used to make municipalities whole for unpaid taxes, as well as reasonable fees and expenses. The properties could also be disposed of by a right of first refusal in which the properties could be transferred for the minimum bid to the Cities and Townships within Wayne County.(sometimes referred to as "the lesser governmental entities").

4. The current and prior versions of the GPTA provides for a right of refusal by governmental entities, Mich. Comp. Laws § 211.78m(1).

5. The instant case seeks to enforce fundamental rights under the United States Constitution pursuant to 42 U.S.C. 1983 and rights under the Michigan Constitution, Article X, § 2, concerning the deprivation of the Plaintiffs' surplus equity in their properties and their right to due process under the 14th Amendment of the United States Constitution and the Michigan constitution. This case only concerns violations of the Plaintiffs' fundamental constitutional rights by Defendants

abuse of the right of first refusal under the GPTA as it existed prior to December 23,2020.

6. Furthermore, the properties owned by Plaintiffs had significant equity (i.e., the properties were worth much more than the amount owed for unpaid taxes, plus reasonable fees, and expenses.) This excess value ("surplus equity) was not refunded to Plaintiffs. Plaintiffs were permanently deprived of this equity without any compensation and /or deprived of any ability to be reimbursed their "surplus equity.

7. Plaintiffs fell behind in paying their property taxes on their residences or properties. Many Plaintiffs were only a few hundred or a few thousand dollars delinquent for a three-year period. Most were led to believe they could retain or regain ownership of their real property. Their properties were all forfeited and then foreclosed upon, sometimes without sufficient constitutional notice and always with violations of procedural due process having no remedy of their constitutional rights under the 5th and 14th amendments of the United States Constitution and Article X section 2 of the Michigan Constitution

8. "The act of taking is the event which gives rise to the claim for compensation." *Knick v. Township of Scott*, 139 S. Ct. 2162 (2019).

9. The "taking" occurred when the County transferred to the lesser governmental entities and Plaintiffs had no process to recover their surplus equity

See *Jackson v. Southfield Neighborhood Revitalization Initiative*, ___ Mich. ___ (July 16, 2025): *Yono v. County of Ingham, Case* No.166791(Mich, July 16,2025)

10. The equity or surplus value over the amount of taxes, interest and fees and reasonable fees must be returned to the taxpayer., *Tyler v. Hennepin Cty*. 143 S. Ct. 1369 (2023).

11. As it concerns the "Takings Clause," Wayne County is responsible for the taking of the Plaintiffs' property *Hall v. Meisner*, 51 F.4th 185 (CA 6, 2022).However under state law the lesser governmental entities may share liability. See *Jackson, supra.*

12. Landowners may seek the difference between the fair market value of their homes and the taxes they owe, whether or not the treasurer obtained surplus proceeds at a foreclosure sale. *Hall v. Meisner*, 51 F.4th 185 (CA 6, 2022).

13. Centuries old principles require that landowners have a property interest in their "equitable title." *Fox v. Saginaw County* 67 F.4th 284, 290 (2023).

14. In *Rafaeli, LLC v. Oakland County*, 505 Mich. 429; 952 N.W.2d 434 (2020), the Michigan Supreme Court held that a treasurer's failure to return surplus proceeds to the landowner violated the Takings Clause of the Michigan Constitution. See also *Jackson v. Southfield Neighborhood Revitalization Initiative*, published per curiam opinion of the Michigan Court of Appeals, issued September 21, 2023 (Docket No. 361397), 2023 WL 6164992,

15. The Michigan Supreme Court later applied the same principle in *Jackson v. Southfield Neighborhood Revitalization Initiative*, ___ Mich. ___ (July 16, 2025), holding that a taking may also occur when a governmental unit exercises a right of first refusal and retains property value exceeding the tax debt and related fees.

16. *Tyler v. Hennepin Cnty. supra,* and *Hall v. Meisner, supra,* read together stand for the principle that the takings clause of the United States Constitution protects equitable interests in real property when obtained in property tax foreclosure.

17. On December 23, 2020, Michigan signed into law amendments to its tax foreclosure scheme ("GPTA") that established different procedures depending on whether the treasurer transferred or sold property before or after the *Rafaeli* decision of July 17, 2020. (Mich. Comp. Laws 211.78t(b))

18. The amended act was based on *Rafaeli* and the now unconstitutional notion that the prior landowners were disallowed the amount of their equity over the amount of taxes. *See Hall,* 51 F4th at 192.

19. Defendants' actions constitute the improper and unconstitutional taking of the property of the Plaintiffs without just compensation.

20. To the extent Defendants' actions were permitted under the previous or current version of those provisions of state law the Plaintiffs seek a ruling that such

conduct is unconstitutional, and damages are permitted pursuant to § 1983 and Michigan law.

21. Plaintiffs seek damages against Defendants for their unlawful actions and conduct which is violative of the United States and Michigan Constitutions as applied to Right of First Refusal, or "surplus equity" cases.

22. Plaintiffs are entitled to class action tolling emanating from *Bowles v. Sabree*, Case No.2:23y-cv-10973 (Previous Case No.2000 -cv- 12838) which included the Plaintiffs in the class definition although their properties were transferred by the Right of First Refusal and not auctioned from the date of filing October 22, 2020 until June 20,2025 when the class definition was modified. (See ECF. No.77 ,78).

23. Additionally, Plaintiffs are entitled to tolling from February 21,2025 stemming from *McMasters V, Wayne County* et al., Case No.25-000316-NZ which was timely filed until the time that putative class action was no longer a class action on September 17,2026 (which was removed to federal court Case No.2:25-cv-11218 and subsequently remanded to state court

24. Plaintiffs are also entitled to 102 days of covid-19 tolling.

25. Defendants' actions constitute the improper and unconstitutional taking of the property of the Plaintiffs without just compensation.

26. Defendants' conduct knowingly and with deliberate indifference violated the Plaintiffs due process rights under the 14th amendment as enforced through 42 U.S.C. 1983 and was also a violation of the Michigan's Constitution.

27. The lesser governmental entities were unjustly enriched and may be held accountable for Plaintiffs damages

28. As set forth below, Defendants' actions constitute an impermissible inverse condemnation under Michigan law. Plaintiffs also seek a declaratory judgment and injunctive relief against Defendants for their unlawful actions.

**PARTIES**

29. Defendant County of Wayne ("Wayne") is a legal entity formed and existing under the laws of the State of Michigan and is controlled and/or operated by duly designated Boards of Commissioners. It is a political subdivision of the State of Michigan which is delegated the responsibility to collect delinquent property taxes. Unless otherwise stated, Wayne acted through the Wayne County Treasurer.

30. Eric Sabree has been the Treasurer of Wayne County since 2015 and is sued in his official and personal capacities.

31. Defendant City of Taylor is a legal entity formed and exists under the laws of the State of Michigan. It is a political subdivision of Wayne County and is designated to collect property taxes.

32. Defendant Rick Sollars is sued in his official and personal capacities

and is the former mayor of City of Taylor at all times applicable to the conduct described herein, conspired with  Jeffery Baum and others in a scheme to deprive residents of Taylor that deprived them of their fifth amendment rights by manipulating Plaintiffs ability to pay their property taxes and seeking out homes without a mortgage to exercise the right of first refusal for personal gain and to illegally enrich himself and other City of Taylor officials.

## JURISDICTION AND VENUE

33. This is a civil action brought seeking unpaid "just compensation" and other monetary damages against Defendants for violations of the Fifth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983.

34. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes federal courts to decide cases considering federal questions; 28 U.S.C. § 1343, which authorizes federal courts to hear civil rights cases; 28 U.S.C. § 12202, which authorizes declaratory judgments via the Declaratory Judgment Act; and 28 U.S.C. § 1367, which authorizes supplemental state law claims.

35. Venue is proper in this Court as Defendants, individually and collectively, conduct or have conducted their business in Wayne County Michigan and within the Eastern District of Michigan.

## GENERAL ALLEGATIONS

### FORFEITURE AND FORECLOSURE UNDER THE GENERAL PROPERTY TAX ACT

36. This case stems from the administration of Michigan's General Property Tax Act ("GPTA"), Mich. Comp. Laws §§ 211.1-211.157, which is the statutory process enacted for the collection of unpaid and delinquent real property taxes through real property forfeiture and foreclosure.

37. The matters at the heart of this litigation concern matters *after* the taxation and forfeiture process is completed, and equity remains after counties such as Wayne and municipalities are paid in full for all delinquent taxes, interest, penalties, and fees.

38. As used in this Complaint:

a. "Tax Delinquency" means the past due tax owed on a property plus additional compounding interest, fees, penalties, and costs; and

b. "Surplus Equity" means the amount by which a property's fair market value exceeds its Tax Delinquency if any.

39. "Right of First Refusal" is as defined in Mich. Comp. Laws 211.78m The GPTA permits the recovery of unpaid real-property taxes, penalties, interest, and fees through foreclosure and sale of the property on which there is a tax delinquency.

40. Pursuant to the GPTA, a county treasurer may choose to act as the collection agent for the municipality where the property is located when taxpayers become delinquent on their property taxes or, at the election of the county, the State itself may act as the collection agent. Mich. Comp. Laws § 211.78(8).

41. Wayne opted to act as the collection agent for Wayne, also known as the Foreclosing Governmental Unit ("FGU"), pursuant to Mich. Comp. Laws § 211.78(8).

42. The GPTA requires a county to take certain enumerated steps to collect delinquent property taxes and initiate foreclosure proceedings. After notice and hearing, tax-delinquent properties are forfeited to Wayne. The tax-delinquent properties are then foreclosed after a judicial foreclosure hearing by the Circuit Court, and title to the forfeited property is transferred to the county treasurer. If the property is not timely redeemed by March 31 after the foreclosure, fee simple title is vested absolutely in the county treasurer, without any further redemption rights available to the delinquent taxpayer. Mich. Comp. Laws § 211.78 *et seq*.

43. Prior to December 23, 2020, once title was vested in the county treasurer, the property was then disposed of as follows:

> (1) The state or municipality (such as the Defendants other than Wayne County) where the property is located has the right to claim the property in exchange for the payment to the county of unpaid taxes, interest, and other costs (the "minimum bid"); or
>
> (2) If the state or municipality does not exercise their right of first refusal, the property is put up for sale at a public auction the July after foreclosure and, if not sold, again in October.

Mich. Comp. Laws § 211.78m.

44. Wayne, through its Treasurer, administered a foreclosure process, such that in most cases, after foreclosed real property was sold (typically for more than the

Tax Delinquency), the Treasurer or the Defendant municipalities retained the entire amount of the proceeds. At no point did Wayne or anybody with the power to do so return the Surplus Equity or otherwise provide just compensation to the former property owners whose Surplus Equity was taken.

45. Plaintiffs are not suing Wayne County or its Treasurer for its conduct for acting as the FGU and conduct mandated by state law but for its discretionary conduct that demonstrated gross negligence or deliberate in difference to the constitutional rights of the Plaintiffs.

46. Subsequent to December 22, 2020, if the property was foreclosed after July 17, 2020, once title was vested in the county treasurer, the property was then disposed of as follows:

(1) The state or municipality where the property is located has the right to claim the property in exchange for the payment of the fair market value was filed or the "minimum bid" if the notice was not filed.;" or

(2) If the state or municipality does not exercise their right of first refusal, the property is put up for sale at a public auction the July after foreclosure and, if not sold, again in October. Mich. Comp. Laws § 211.78m.

(3) If by the first of July following the foreclosure sale a prior landowner files a notice of intention to claim requesting for the "remaining proceeds" and the property is not purchased for fair market value less the minimum bid if the landowner files the procedure which includes filing a motion in Circuit Court and possibly competing with a mortgagee the landowner may receive the "remaining proceeds"

## THE CONDUCT AT ISSUE HEREIN REFLECTS COUNTY POLICY

47. The actions described herein are a voluntary policy, custom, and/or practice of Wayne and the municipalities, and/or their final policymaker(s).

48. This voluntary policy and/or practice of Wayne is sufficient to impose damages and other relief pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), and its progeny.

49. Specifically, Wayne made the affirmative, voluntary, and discretionary decision to select and designate the county treasurer to function as the FGU. See Mich. Comp. Laws § 211.78(3)-(6).

50. Moreover, Wayne, either through enactment of laws or regulations, official agency or governmental entity policy, and/or actions taken by an official or officials with final decision-making authority, had administered Wayne's foreclosure and auction process generally, including Mich. Comp. Laws § 211.78m(8), so that after Wayne sells a parcel at auction, it retains either the entire amount of the proceeds or significantly less than required, even if the proceeds exceed the amount of the Tax Delinquency, and rarely turns anything to the property owner, the statutory procedure by which the property owner can secure a return of his, his, or its "Equity" both under the amended statute and pre-*Rafaeli* is constitutional defective and must be struck down.

51. Further, Wayne, either through enactment of laws and regulations, official agency or governmental entity policy, and/or actions taken by an official or officials with final decision-making authority, has administered Wayne's foreclosure process generally, including Mich. Comp. Laws § 211.78m(8) so that Wayne was able to obtain the Surplus equity that should belong to the property owner, without providing any procedural due process enabling the property owner to secure a return of his, his or its Equity.

52. Accordingly, the actions at issue here were undertaken pursuant to an official county policy for purposes of *Monell*.

53. The GPTA, and specifically Mich. Comp. Laws § 211.78m(8) did not require the practices of which the Plaintiffs complain.

54. The actions of Wayne and Sabree specifically were designed to cause harm intentionally or wantonly to Plaintiffs due to the utter disregard of Plaintiffs' constitutionally protected rights.

55. On December 23, 2020, Michigan enacted an amendatory act which was meant to be curative of the unconstitutional former sections of the GTPA, specifically, Mich. Comp. Laws §§ 211.78m and 211.78(t)(2), which purported to grant Plaintiffs "just compensation" equivalent to fair market value. However, despite all the new developments in decisional law and the so-called curative amendments to GPTA, Plaintiffs presently have no constitutionally adequate remedy

or procedure to receive "just compensation" under Michigan Law. Therefore, the Plaintiffs look to this Court to provide a remedy under 42 U.S.C 1983 , the Michigan Constitution, Condemnation law and other applicable law to provide such "just compensation."

56. Defendants have confiscated Plaintiffs equity without using any *direct* condemnation processes, including those outlined under the Uniform Condemnation Procedures Act, Mich. Comp. Laws § 213.51, *et seq.*

## SPECIFIC ALLEGATIONS RELATING TO THE PARCELS

57. Plaintiffs owned certain property ("Property") in Wayne County, Michigan.

58. Plaintiffs seek to recover their surplus equity in the Property after Defendants' foreclosure and sale/transfer(s) of the Property to pay delinquent real estate taxes owed by the Plaintiffs by virtue of their ownership of the Property.

59. After Plaintiffs fell behind on their property taxes for their respective residences, Wayne, through its Treasurer, initiated forfeiture, and foreclosure proceedings from July 2016 through the fall of 2020 against the properties formerly owned by Plaintiffs.

60. As a result of the GPTA procedure, the Judgments of Foreclosure were recorded at various times, often not in compliance with the GPTA in effect at the time

against Plaintiffs which after expiration of the redemption period if any vested title solely and absolutely in the County of Wayne and its treasurer.

61. Under Michigan law there was not a compensable taking until the Plaintiffs' properties were transferred to the lesser governmental entities with no procedure or process for the Property owner to obtain the surplus equity.

62. The Defendants never gave any of the Plaintiffs notice that they were entitled to their surplus equity even when the GPTA was amended to pretextually give them a procedure to reclaim such surplus equity and case law eventually established such a right pertaining to this variety of non- auction tax foreclosure.

63. Plaintiff Burt Almy IRA: Kay Almy owned the property and owed approximately $8,028.17 in delinquent property taxes, interest, penalties and fees on Parcel ID 79-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-000, commonly known as 17413 Five Points St, Redford, MI 48240.

64. Kay Almy owned the property and owed approximately $8,028.17 in delinquent property taxes, interest, penalties and fees on Parcel ID 79-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-000, commonly known as 17413 Five Points St, Redford, MI 48240.

65. Plaintiff Daniel Green owned the property and owed approximately $12,403.48 in delinquent property taxes, interest, penalties and fees on Parcel ID 33-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-000, commonly known as 8211 Dale St, Dearborn Heights, MI 48127.

66. Plaintiff Nathan Hale owned the property and owed approximately $11,890.69 in delinquent property taxes, interest, penalties and fees on Parcel ID 60-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-000, commonly known as 25373 Goddard Rd, Taylor, MI 48180.

67. Plaintiff Megan Nickell owned the property and owed approximately $6,242.28 in delinquent property taxes, interest, penalties and fees on Parcel ID 35-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-001, commonly known as 6312 Henry Ruff Rd, Garden City, MI 48135.

68. Plaintiff Jason Fabiano owned the property and owed approximately $28,453.74 in delinquent property taxes, interest, penalties and fees on Parcel ID 30-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-002, commonly known as 6771 Buckingham Ave, Allen Park, MI 48101.

69. Plaintiff Natenin Kouruma owned the property and owed approximately $10,570.69 in delinquent property taxes, interest, penalties and fees on Parcel ID 33-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-000, commonly known as 6557 Heyden St, Dearborn Heights, MI 48127.

70. Plaintiff Cynthia Kelly PR for Estate of Irene Flores (Probate) owned the property and owed approximately $13,682.72 in delinquent property taxes, interest, penalties and fees on Parcel ID 60-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-300, commonly known as 6061 John Daly, Taylor, MI 48180.

71. Plaintiff Margaret Williams owned the property and owed approximately $10,965.78 in delinquent property taxes, interest, penalties and fees on Parcel ID 44-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-000, commonly known as 29648 Spring Arbor, Inkster, MI 48141.

72. Plaintiff Eshrak Awad owned the property and owed approximately $13,573.00 in delinquent property taxes, interest, penalties and fees on Parcel ID 33-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-000, commonly known as 4205 Hipp St, Dearborn Heights, MI 48125.

73. Plaintiff Michael Legion owned the property and owed approximately $10,698.37 in delinquent property taxes, interest, penalties and fees on Parcel ID 44-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-000, commonly known as 3517 Farnum, Inkster, MI 48141.

74. Plaintiff Michael Legion owned the property and owed approximately $9,329.77 in delinquent property taxes, interest, penalties and fees on Parcel ID 44-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-000, commonly known as 3635 Farnum, Inkster, MI 48141.

75. Plaintiff William D Parker owned the property and owed approximately $18,520.17 in delinquent property taxes, interest, penalties and fees on Parcel ID 44-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-000, commonly known as 29649 Judith, Inkster, MI 48141.

76. Plaintiff Tracy Smith owned the property and owed approximately $8,491.05 in delinquent property taxes, interest, penalties and fees on Parcel ID 44-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-000, commonly known as 350 Amherst, Inkster, MI 48141.

77. Plaintiff Group Holdings LLC (Lamar Grace) owned the property and owed approximately $9,134.95 in delinquent property taxes, interest, penalties and fees on Parcel ID 16/021684, commonly known as 17535 Monica, Detroit, MI 48221.

78. Plaintiff Group Holdings LLC (Lamar Grace) owned the property and owed approximately $7,440.83 in delinquent property taxes, interest, penalties and fees on Parcel ID 22/113601.006, commonly known as 20261 Lahser, Detroit, MI 48219.

79. Plaintiff Group Holdings LLC (Lamar Grace) owned the property and owed approximately $7,478.75 in delinquent property taxes, interest, penalties and fees on Parcel ID 22/084742, commonly known as 17230 Sunderland, Detroit, MI 48219.

80. Plaintiff Group Holdings LLC (Lamar Grace) owned the property and owed approximately $7,344.60 in delinquent property taxes, interest, penalties and fees on Parcel ID 22/027979, commonly known as 19712 Snowden, Detroit, MI 48221.

81. Plaintiff Group Holdings LLC (Lamar Grace) owned the property and owed approximately $4,147.25 in delinquent property taxes, interest, penalties and fees on Parcel ID 22/101510.004, commonly known as 20541 Stout, Detroit, MI 48221.

82. Plaintiff Group Holdings LLC (Lamar Grace) owned the property and owed approximately $0.00 in delinquent property taxes, interest, penalties and fees on Parcel ID 22/031481, commonly known as 18642 Tracey, Detroit, MI 48221.

83. Plaintiff Group Holdings LLC (Lamar Grace) owned the property and owed approximately $4,589.84 in delinquent property taxes, interest, penalties and fees on Parcel ID 22/028125, commonly known as 18253 Snowden, Detroit, MI 48221.

84. Plaintiff Janice Ryan owned the property and owed approximately $13,579.87 in delinquent property taxes, interest, penalties and fees on Parcel ID 44-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-000, commonly known as 26177 Lehigh, Inkster, MI 48141.

85. Plaintiff Derrick Warford owned the property and owed approximately $9,677.38 in delinquent property taxes, interest, penalties and fees on Parcel ID 44-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-000, commonly known as 1120 Helen, Inkster, MI 48141.

86. Plaintiff Lanier Thomas owned the property and owed approximately $6,556.03 in delinquent property taxes, interest, penalties and fees on Parcel ID 44-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-000, commonly known as 26632 Yale, Inkster, MI 48141.

87. Plaintiff Lawrence Holloway owned the property and owed approximately $6,006.25 in delinquent property taxes, interest, penalties and fees on Parcel ID 44-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-000, commonly known as 1950 Lexington, Inkster, MI 48141.

88. Plaintiff Stephanie Youles owned the property and owed approximately $8,025.00 in delinquent property taxes, interest, penalties and fees on Parcel ID 33-042-03-043-0000, commonly known as 25529 Lehigh St, Dearborn Heights, MI 48125.

89. Plaintiff Kamani Patterson owned the property and owed approximately $9,395.78 in delinquent property taxes, interest, penalties and fees on Parcel ID 44-006-01-06-13-000, commonly known as 1461 Woodland, Inkster MI 48141.

90. Plaintiff Robert Harvey owned the property and owed approximately $7,562.00 in delinquent property taxes, interest, penalties and fees on Parcel ID 79-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-000, commonly known as 18647 Five Points, Redford, MI 48240.

91. Plaintiff Zerrick Wynn owned the property and owed approximately $5,399.30 in delinquent property taxes, interest, penalties and fees on Parcel ID 44-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-002, commonly known as 1446 Crescent St, Inkster, MI 48141.

92. Plaintiff Michael Hogan owned the property and owed approximately $9,989.55 in delinquent property taxes, interest, penalties and fees on Parcel ID 60-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-002, commonly known as 8720 Pelham Rd, Taylor, MI 48180.

93. Plaintiff Shanterrio Parchman owned the property and owed approximately $4,949.82 in delinquent property taxes, interest, penalties and fees on Parcel ID 44-025-02-213-1000, commonly known as 26335 Hopkins, Inkster, MI 48141.

94. Plaintiff Alek Y Lyatker owned the property and owed approximately $3,080.00 in delinquent property taxes, interest, penalties and fees on Parcel ID 41-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-000, commonly known as 12158 Nagel St, Hamtramck, MI 48212.

95. Plaintiff Mark & Nakia Ray owned the property and owed approximately $8,017.66 in delinquent property taxes, interest, penalties and fees on Parcel ID 44-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-000, commonly known as 29137 Beechnut, Inkster, MI 48141.

96. Plaintiff Tory Seaton owned the property and owed approximately $9,600.80 in delinquent property taxes, interest, penalties and fees on Parcel ID 44-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-000, commonly known as 26135 Norfolk, Inkster, MI 48141.

97. Plaintiff Stafonii Richardson owned the property and owed approximately $13,334.63 in delinquent property taxes, interest, penalties and fees on Parcel ID 50-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-000, commonly known as 41 Le Blanc, River Rouge, MI 48218.

98. Plaintiff William Madden PR for Estate of Phylis Wall owned the property and owed approximately $5,445.80 in delinquent property taxes, interest, penalties and fees on Parcel ID 50-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-000, commonly known as 75 Pine St, River Rouge, MI 48218.

99. Plaintiff Adam Rakes owned the property and owed approximately $8,410.79 in delinquent property taxes, interest, penalties and fees on Parcel ID 50-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-000, commonly known as 84 E James St, River Rouge, MI 48218.

100. Plaintiff Tamika & Harold Lee owned the property and owed approximately $12,500.00 in delinquent property taxes, interest, penalties and fees on Parcel ID 50-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-300, commonly known as 55 Cora St, River Rouge, MI 48218.

101. Plaintiff Shannon Knight PR for Estate of Marckell Johnson owned the property and owed approximately $5,470.00 in delinquent property taxes, interest, penalties and fees on Parcel ID 50-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-000, commonly known as 104 Elm St, River Rouge, 48218.

102. Plaintiff Shannon Knight PR for Estate of Marckell Johnson owned the property and owed approximately $11,474.50 in delinquent property taxes, interest, penalties and fees on Parcel ID 50-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-000, commonly known as 95 Leroy St, River Rouge, 48218.

103. Plaintiff Shannon Knight PR for Estate of Marckell Johnson owned the property and owed approximately $6,751.54 in delinquent property taxes, interest, penalties and fees on Parcel ID 50-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-302, commonly known as 132 E Pleasant, River Rouge, 48218.

104. Plaintiff Amrik Mahal owned the property and owed approximately $5,862.70 in delinquent property taxes, interest, penalties and fees on Parcel ID 56-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-000, commonly known as 32156 Genesee, Westland, MI 48185.

105. Plaintiff Sonja Miller owned the property and owed approximately $6,962.00 in delinquent property taxes, interest, penalties and fees on Parcel ID 80-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-000, commonly known as 15682 Isabelle St, Romulus, MI 48174.

106. Plaintiff Eugene Campbell owned the property and owed approximately $8,016.29 in delinquent property taxes, interest, penalties and fees on Parcel ID 50-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-002, commonly known as 401 Campbell St, River Rouge, MI 48218.

107. Plaintiff Shevon Lucas-Johnson PR for Estate of Aaron Johnson owned the property and owed approximately $4,474.00 in delinquent property

taxes, interest, penalties and fees on Parcel ID 50-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-302, commonly known as 433 Polk St, River Rouge, MI 48218.

108. Plaintiff Moya & Jermaine Henderson owned the property and owed approximately $5,478.63 in delinquent property taxes, interest, penalties and fees on Parcel ID 80-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-000, commonly known as 6938 Arlene St, Romulus, MI 48174.

109. Plaintiff Fredrick Henderson Trust owned the property and owed approximately $5,478.63 in delinquent property taxes, interest, penalties and fees on Parcel ID 80-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-000, commonly known as 6938 Arlene St, Romulus, MI 48174.

110. Plaintiff Mark Cruz owned the property and owed approximately $5,062.78 in delinquent property taxes, interest, penalties and fees on Parcel ID 45-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-000, commonly known as 541 Park Ave, Lincoln Park, MI 48146.

111. Plaintiff Mark Cruz owned the property and owed approximately $5,479.00 in delinquent property taxes, interest, penalties and fees on Parcel ID 45-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-000, commonly known as 943 New York, Lincoln Park, MI 48146.

112. Plaintiff Wyalean Levye owned the property and owed approximately $7,484.50 in delinquent property taxes, interest, penalties and fees on Parcel ID 44-002-03-011-9000, commonly known as 1931 Lexington Pkwy, Inkster, MI 48141.

113. Plaintiff BJI Rentals (Waylena Levye) owned the property and owed approximately $8,483.95 in delinquent property taxes, interest, penalties and fees on Parcel ID 44-009-02-056-3002, commonly known as 3620 Isabella, Inkster, MI 48141.

114. Plaintiff Lamont Hunter owned the property and owed approximately $2,038.29 in delinquent property taxes, interest, penalties and fees on Parcel ID 44-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-002, commonly known as 3105 Harrison, Inkster, MI 48141.

115. Plaintiff Hollie Wielkerwicz owned the property and owed approximately $4,671.00 in delinquent property taxes, interest, penalties and fees on Parcel ID 45-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-000, commonly known as 1741 Pagel Ave, Lincoln Park, MI 48146-3539.

116. Plaintiff Sharron Redding owned the property and owed approximately $3,141.00 in delinquent property taxes, interest, penalties and fees on Parcel ID 50-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-000, commonly known as 49 Oak St, River Rouge, MI 48218.

117. Plaintiff Rose Thompson owned the property and owed approximately $6,234.00 in delinquent property taxes, interest, penalties and fees on Parcel ID 80-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-003, commonly known as 5873 Wayne, Romulus, MI 48174.

118. Plaintiff Phylis Kaminsky owned the property and owed approximately $7,589.00 in delinquent property taxes, interest, penalties and fees

on Parcel ID 80-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-302, commonly known as 6180 Central, Romulus, MI 48174.

119. Plaintiff Kandie L Moore owned the property and owed approximately $13,671.72 in delinquent property taxes, interest, penalties and fees on Parcel ID 80-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-000, commonly known as 37005 Menton St, Romulus, MI 48174.

120. Plaintiff Joshua Hensman owned the property and owed approximately $10,544.00 in delinquent property taxes, interest, penalties and fees on Parcel ID 34-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-000, commonly known as 21 W Josephine, Ecorse, MI 48620.

121. Plaintiff Lincoln Park Building LLC (Owner Scott Zack) owned the property and owed approximately $49,348.00 in delinquent property taxes, interest, penalties and fees on Parcel ID 45-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-000, commonly known as 1088 Southfield Rd, Lincoln Park, MI 48146.

122. Plaintiff Scott Zack owned the property and owed approximately $49,348.00 in delinquent property taxes, interest, penalties and fees on Parcel ID 45-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-000, commonly known as 1088 Southfield Rd, Lincoln Park, MI 48146.

123. Plaintiff Jamesha Brown owned the property and owed approximately $2,006.00 in delinquent property taxes, interest, penalties and fees on Parcel ID 50-

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-307, commonly known as 10402 W Jefferson Ave, River Rouge, MI 48218.

124. Plaintiff Dorthy A Sinkiewicz owned the property and owed approximately $12,231.62 in delinquent property taxes, interest, penalties and fees on Parcel ID 57-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-002, commonly known as 3889 15th St, Wyandotte, MI 48192.

125. Plaintiff Dorthy A Sinkiewicz Revocable Trust John Fields Trustee owned the property and owed approximately $12,231.62 in delinquent property taxes, interest, penalties and fees on Parcel ID 57-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-002, commonly known as 3889 15th St, Wyandotte, MI 48192.

126. Plaintiff Dorsey Williams PR for Estate of Patricia R Williams owned the property and owed approximately $35,157.00 in delinquent property taxes, interest, penalties and fees on Parcel ID 44-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-000, commonly known as 3736 Inkster Rd, Inkster, MI 48141.

127. Stardust Lounge owned the property and owed approximately $35,157.00 in delinquent property taxes, interest, penalties and fees on Parcel ID 44-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-000, commonly known as 3736 Inkster Rd, Inkster, MI 48141.

128. Jwan Bullard owned the property and owed approximately $7,529.00 in delinquent property taxes, interest, penalties and fees on Parcel ID 50-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-000, commonly known as 39 W Pleasant St, River Rouge, MI 48218.

129. Sandra Cartwright owned the property and owed approximately $10,402.69 in delinquent property taxes, interest, penalties and fees on Parcel ID 50-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-000, commonly known as 214 Fairmont St, River Rouge, MI 48218.

130. Diana Mozurkewich Trustee Karl S Horvath Trust owned the property and owed approximately $2,168.84 in delinquent property taxes, interest, penalties and fees on Parcel ID 46-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-002, commonly known as 9614 Auburndale St, Livonia, MI 48150.

131. Diana Mozurkewich owned the property and owed approximately $2,168.84 in delinquent property taxes, interest, penalties and fees on Parcel ID 46-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-002, commonly known as 9614 Auburndale St, Livonia, MI 48150.

132. Francis Thorton owned the property and owed approximately $15,205.28 in delinquent property taxes, interest, penalties and fees on Parcel ID 45-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-001, commonly known as 1530 Cicotte Ave, Lincoln Park, MI 48146.

133. Jeffrey & Jennie Zajac owned the property and owed approximately $3,600.19 in delinquent property taxes, interest, penalties and fees on Parcel ID 46-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-001, commonly known as 16147 Henry Ruff St, Livonia , MI 48154.

134. At the time of the foreclosure there were no other known liens that encumbered the Property.

135. At the time that the aforementioned described foreclosures were effective each parcel that was previously owned by the Plaintiffs had a fair market value which was significantly in excess of the "minimum bid" and or foreclosure amount; the amount in excess was at least 2.0 x SEV as stated in and often 11 to 39 times in excess of the price paid by the less governmental entities or other Wayne County Communities

136. The parcel Id, Address, date of Judgment of Foreclosure, Right of Refusal purchase amount ,transfer date to the lesser governmental entity and estimated fair market value are listed in **Exhibit A**, which is incorporated by reference.

137. Wayne County was the Foreclosing Governmental Unit (FGU) in all the Properties' tax foreclosure proceedings.

138. All the above-described parcels were conveyed by Wayne County by Quit claim Deed to the Defendant municipalities in Wayne County for the minimum bid or less (**Exhibit A**).

**ALLEGATIONS RELATING TO THE CONDUCT AND CERTAIN GOVERNMENTAL OFFICIALS**

139. At the time of the entry of the Judgment of Foreclosure and /or transfer to the lesser governmental entities in these cases there was not any constitutionally sufficient notice or procedure pre and/or post-deprivation provided to the landowners or their legal successors nor was there any remedy that existed.

140. At the present time there is still no constitutionally sufficient remedy or procedure that exists for landowners that have had their properties taken in violation of Article 10, § 2 the Michigan Constitution for the Plaintiffs other than that can be provided by the Courts.

141. By virtue of entering Judgments of Foreclosure and transferring the Plaintiffs property by the right of first refusal for less than the fair market value Defendants committed a compensable taking. *Jackson v. Southfield Neighborhood Revitalization Initiative*,2025 WL 1959046,at 5*(Mich,July16,2025)

142. Plaintiffs held legal and equitable title in the Property after the transfer of the property from the county to lesser governmental entities , Plaintiffs held no title to the Property or path to the surplus equity, See *Hall v. Meisner, et al.*, 51 F.4th 185, 196 (CA 6, 2022) cited by *Jackson v. Southfield Neighborhood Revitalization Initiative*, 348 Mich. App. 317 (2023)

143. Defendants wrongfully took Plaintiffs' equity or "Surplus Equity" in the Properties when it transferred Plaintiffs' Property to the New Owners.

144. Defendants have refused to return the surplus equity to the Plaintiffs.

145. The statute of limitations was tolled because of prior class actions filed concerning the unconstitutional property tax foreclosure, *Bowles v. Sabree* and *McMaster V, Wayne County* et al., Case No.25-000316-NZ,equitable tolling and covid tolling that relates to these Plaintiffs and others similarly situated persons.

146. Plaintiff Megan Nickell paid her delinquent property taxes; however it was misapplied to a later tax year. Thereafter, without any due process, her property was transferred to the City of Garden City.

147. Plaintiff Hollie Wielkerwicz went to Defendant Eric Sabree's office to make a payment to keep her property out of foreclosure, but she was directed to a self -serve machine which applied the foreclosure stopping payment to the current tax year. Wayne County without any notice foreclosed and transferred the property to Lincoln Park.

148. Plaintiff Lamar Grace Manager of Group Holdings LLC attempted to make payment to avoid foreclosure but was informed by the Wayne County Treasurer's office that he couldn't make payments until after the auction date. Thereafter, when he went to make a payment, he was told the property was transferred to the City of Detroit Officer or agent of the State.

149. Defendant Eric Sabree in his personal capacity exercised discretion that was contrary to the GPTA and was not acting as an arm of the state of Michigan and acted with indifference that caused damage to the Plaintiffs' constitutional rights; accordingly Defendant Sabree in his personal capacity is not entitled to qualified immunity.

## COUNT I
## TAKING WITHOUT JUST COMPENSATION
## IN VIOLATION OF FIFTH AND FOURTEENTH AMENDMENTS
## AND /OR VIA 42 USC § 1983 AND § 1988

150. Plaintiffs repeat, re-allege, and incorporate herein by reference all prior paragraphs.

151. This claim for an improper taking without just compensation in violation of the Fifth and Fourteenth Amendments of the United State Constitution is being made against the Defendants pursuant to 42 U.S.C. §§ 1983 and 1988.

152. The Fifth Amendment, made applicable to the states via the Fourteenth Amendment, is a constitutional provision and right requiring the payment of just compensation upon a taking .

153. Defendants, in violation of 42 U.S.C. § 1983, has taken Plaintiffs' property interests in the form of equity or surplus equity and have confiscated this property for public use without the payment of just compensation in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

154. Defendants have refused to take any action for the payments of just compensation for their seizures of equity from the Plaintiffs.

155. By its refusal to take any action for the payment of just compensation at the time of the taking, Defendants have deprived Plaintiffs of their constitutional right to just compensation in violation of the Fifth and Fourteenth Amendments of the United States Constitution and such violation may be remedied pursuant to 42 U.S.C. §§ 1983 and 1988.

156. Defendants have not paid just compensation.

157. Defendants have refused to pay just compensation.

158. Defendants' actions were designed or have otherwise caused harm intentionally or wantonly to Plaintiffs due to the utter disregard of Plaintiffs' constitutionally protected rights.

159. Plaintiffs have been injured and have suffered damages.

160. Damages encompass making the Plaintiffs whole, which includes the fair market value less any delinquent taxes that are owed plus interest from the date of the taking, plus attorney fees and costs.

## COUNT II
## INVERSE CONDEMNATION AND /OR TAKING IN VIOLATION OF THE MICHIGAN CONSTITUTION, ARTICLE X, SECTION 2

161. Plaintiffs repeat, re-allege and incorporate herein by reference to all prior paragraphs.

162. Defendants have taken Plaintiffs' property interests in the form of surplus equity and /or surplus proceeds and has taken property for public use and unjust enrichment without the payment of just compensation.

163. Defendants have done so without using any statutory condemnation process, including those outlined under the Uniform Condemnation Procedures Act, Mich. Comp. Laws § 213.51, et seq., and in violation of Article X, Section 2 of the Michigan Constitution.

164. Defendants' actions caused an unjust taking of Plaintiffs' entire equity in their property in violation of the Michigan Constitution.

165. As a direct and proximate result of Defendants' unconstitutional taking of Plaintiffs' properties, Plaintiffs have experienced substantial loss of value and ordinary use and enjoyment of their properties.

166. The injury to the Plaintiffs property owners is unique or special because the Plaintiffs had substantial equity in their property.

167. Defendants have not and will not provide Plaintiffs with any opportunity to claim their surplus equity after the seizure and/or later sale of their respective properties, nor did Defendants provide or have a constitutionally sufficient procedure to claim just compensation at the time the Defendants seized title to their property interests.

168. Defendants have not paid just compensation. Plaintiffs have not received just compensation.

169. Defendants did not have, allow, or give a reasonable opportunity to claim or be heard after the property tax foreclosure or later sale if applicable.

170. Defendants do not nor did have a constitutional procedure for Plaintiffs to receive the equity or the embodiment of the equity i.e., Surplus proceeds from a fair, arms-length public action.

171. Defendants' actions were designed to cause harm intentionally or wantonly to Plaintiffs due to their calculated disregard of Plaintiffs' constitutionally protected rights.

172. Defendants refused to pay compensation under Article X, Section 2 of the Michigan Constitution.

173. Plaintiffs have been injured and have suffered damages.

**COUNT III**
**VIOLATION OF PROCEDURAL DUE PROCESS ( MICHIGAN CONSTITUTION)**

174. Plaintiffs repeat, re-allege and incorporate herein by reference all prior paragraphs.

175. Article I, Section 17 of the Michigan Constitution guarantees procedural due process to Plaintiffs.

176. Plaintiffs have a constitutionally protected property interest in the surplus equity of their respective properties. Plaintiffs' Constitutional right to not have their property taken without just compensation is a self -executing right stemming from the Michigan Constitution.

177. Under the previous versions of the GPTA the Plaintiffs did not have any process, right or procedure to secure the return of their equity after their properties transfer or sale.

178. Defendants did not have any consistent policy on when to obtain a Foreclosure Judgment.

179. Defendants exceeded his authority by not following the GPTA as enacted by the legislature.

180. Defendants' ad hoc determination of "substantial hardship" in effect created a situation where there was no certitude in when a parcel of property would be foreclosed which amounts to a constitutional violation of procedural due process.

181. Defendants, in many instances prematurely, foreclosed as the property was still in the forfeiture phase.

182. Defendants did not properly administer the GPTA which provided a remedy for property owners to receive "just compensation."

183. Defendants did not give constitutionally sufficient notice to Plaintiffs either pre-foreclosure or post foreclosure of the deprivation of Plaintiffs' property in violation of the Michigan Constitution.

184. Mich. Comp. Laws § 211.78m is unconstitutional based on the above recited principles.

185. Defendants denied Plaintiffs their rights by failing to provide any constitutionally reasonable or adequate procedure at all for Plaintiffs to secure the return of their Equity after their property's sale or transfer.

186. Mich. Comp. Laws § 211.78t makes no provision for taxpayers who have infirmities, whether mentally, physically, or cognitively, or the heirs or beneficiaries who are deceased.

187. Defendants knew that their conduct was intentional and motivated by evil motive and intent, or it involved callous indifference or recklessness to the Plaintiffs federally protected rights.

188. As a direct and proximate result of Defendants' failure to provide adequate procedural due process, have been injured and have suffered damages which include full compensatory damages, disgorgement of the equity, punitive damages, damages for emotional distress as to residential properties and interest at a rate to make them whole for the delay in paying just compensation

189. Plaintiffs do not have an adequate remedy except as set forth in this Third Amended Complaint.

## COUNT IV
## VIOLATION OF PROCEDURAL DUE PROCESS OF THE 14TH AMENDMENT AND /OR VIA 42 USC § 1983 AND § 1988

190. Plaintiffs repeat, re-allege, and incorporate herein by reference all prior paragraphs.

191. Wayne County was mandated to transfer properties by right of first refusal to the lesser governmental agencies but only after they provided due process and an adequate remedy to the lesser governmental entities.

192. The Fourteenth Amendment guarantees procedural due process to Plaintiffs which is enforced through 42 U.S.C.1983,

193. Under the previous versions of the GPTA, the Plaintiffs did not have any available process, right, or procedure to obtain their Equity (or the embodiment of their equity by a fairly conducted public auction) in violation of their " procedural due process" rights.

194. Plaintiffs have damages from violation of their due process rights that are separate and distinct from the damages from the takings violations, which include economic injuries, inadequate deprivation due process, and pain and suffering.

195. Wayne County and Eric Sabree in his Official and personal capacities did not have any consistent policy on when to obtain a final Judgment of foreclosure.

196. Wayne County and Eric Sabree in his Official and personal capacities exceeded their authority by not following the GPTA, as enacted by the legislature.

197. Wayne County and Eric Sabree in his Official and personal capacities without obtaining court orders as mandated by the GPTA utilized his own discretion as to when Plaintiffs would lose title and all surplus equity.

198. Wayne County and Eric Sabree in his Official and personal capacities ad hoc determination of "substantial hardship" in effect created a situation where

there was no certitude as to when a parcel of property would be foreclosed, which amounts to a constitutional violation of procedural due process.

199. Wayne County and Eric Sabree in his official and personal capacities, in many instances, prematurely foreclosed, as the property was still in the forfeiture phase.

200. Wayne County and Eric Sabree in his Official and personal capacities did not properly administer the GPTA to provide a transparent procedure for property owners to receive a fair opportunity and a meaningful hearing prior to depriving Plaintiffs of constitutionally protected right without "due process of law."

201. Defendants have denied Plaintiffs these rights by failing to provide any constitutionally reasonable or adequate procedure at all for Plaintiffs to secure the return of their Equity after their property's sale or transfer.

202. Wayne County and Eric Sabree in his Official and personal capacities has denied Plaintiffs these rights by failing to provide any constitutionally reasonable or adequate procedure at all for Plaintiffs to secure the return of their equity after their property's sale or transfer.

203. MCL 211.78 makes no provision for taxpayers who have infirmities (mentally, physically, or cognitively) or who are deceased by the heirs or beneficiaries.

204. Wayne County and Eric Sabree in his Official and personal capacities failure to provide adequate procedural due process, Plaintiffs have been injured and have suffered damages.

205. Wayne County and Eric Sabree in his Official and personal capacities had personal interaction as well as email, correspondence and telephonic contacts with municipalities in Wayne County and others, was collusive and violated the due process of Plaintiffs

206. Wayne County and Eric Sabree in his Official and personal capacities did not properly administer the GPTA to provide a transparent procedure for property owners to receive a fair opportunity and a meaningful hearing prior or after to depriving them of constitutionally protected right without "due process of law."

207. As a direct and proximate result of failure to provide adequate procedural due process by Wayne County and Eric Sabree in his Official and personal capacities Plaintiffs have been injured and have suffered damages.

208. The actions taken by Wayne County and Eric Sabree in his Official and personal capacities were done with callous indifference and intent to Plaintiffs'

constitutional rights of due process guaranteed by the 14th Amendment of the United States Constitution.

209. Plaintiffs do not have an adequate remedy at law except as set forth in this Complaint.

**COUNT V**
**DECLARATORY RELIEF**

209. Plaintiffs repeat, re-allege, and incorporate herein by reference all prior paragraphs.

210. An actual controversy exists between Plaintiffs and Defendants regarding the administration of the GPTA tax foreclosure.

211. Plaintiffs are entitled to a declaration that the failure of the GPTA and Michigan law to provide delinquent taxpayers with a basis for and a method to recover the equity in their homes after they are taken is a violation of their rights to just compensation and equal protection.

212. Plaintiffs are entitled to declaratory judgment that Defendants cannot exercise their right of first refusal without paying fair-market value for the property and reimbursing the property owners for their equity above any Tax Delinquency owed.

213. Plaintiffs seek a declaratory judgment that Defendants cannot treat property owners who face tax foreclosure in 2021 more favorably than the similarly situated property owners who were foreclosed in earlier years before recent changes to Mich. Comp. Laws § 211.78m.

214. Plaintiffs seek a declaratory judgment that Defendants cannot treat property owners who disposed of by Wayne County by public auction prior to 2021 more favorably than property owners whose properties were transferred by the right of first foreclose or kept by the County.

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs respectfully request that this Court:

a. Enter an order declaring the conduct of Defendants as unconstitutional under the United States and Michigan Constitutions;

b. Enter an order for an award of full compensatory damages for those injuries and damages sustained by Plaintiffs including disgorgement of equity for each respective property;

c. Enter an order for additional damages and/or compensation to reach an amount equaling 125% of the residential property's fair market value if this Court determines that private property consisting of an individual's equity was taken for public use pursuant to Article X, Section 2 of the Michigan Constitution;

d. Enter an order for an award of pre-judgment interest as provided for in *Knick v. Twp. of Scott*;

e. Enter an order for an award of reasonable attorneys' fees and litigation expenses, and any and all other applicable laws, rules, and statutes;

f. Enter an award for exemplary, punitive damages and for emotional distress;

g. Enter an order for any and all damages /and or compensation as is deemed proper under state and federal law including damages for constitutional torts.

h. Enter an order for declaratory judgment that Defendants' conduct is unlawful under the GPTA;

i. Enter an Order inviting the Attorney General of Michigan to intervene, as the Plaintiff seeks to declare Mich. Comp. Laws § 211.78m unconstitutional, and if the Court deems it necessary certify the question to the Supreme Court of Michigan; or of any question regarding the accrual of the claims or any tolling of the statute of limitations.

j. Enter an order for all other such legal and equitable relief that this Court deems proper and just.

**JURY DEMAND**

For all triable issues, a jury is hereby demanded.

Respectfully submitted,

/s/ Scott F. Smith
Scott F. Smith (P28472)
Smith Law Group, PLLC
30833 Northwestern Hwy, Suite 200

Farmington Hills, MI 48334
(248) 626-1962
Counsel for Plaintiffs

EXHIBIT A

| Plaintiff | Parcel ID | Address | Date of Judgement | Date of County to City Transfer | Tax Due | ROR Purchase Amt | FMV Value |
|---|---|---|---|---|---|---|---|
| Burt Almy IRA: Kay Almy | 79-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-000 | 17413 Five Points St, Redford, MI 48240 | 3/31/2018 | 8/10/2018 | $8,028.17 | XXX | $92,500 |
| Burt Almy IRA | 79-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-000 | 17413 Five Points St, Redford, MI 48240 | 3/31/2018 | 8/10/2018 | $8,028.17 | XXX | $92,500 |
| Daniel Green | 33-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-000 | 8211 Dale St, Dearborn Heights, MI 48127 | 3/31/2018 | 8/10/2018 | $12,403.48 | XXX | $105,000 |
| Nathan Hale | 60-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-000 | 25373 Goddard Rd, Taylor, MI 48180 | 3/31/2018 | 8/10/2018 | $11,890.69 | $5,203.50 | $111,240 |
| Megan Nickell | 35-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-001 | 6312 Henry Ruff Rd, Garden City, MI 48135 | 3/31/2019 | 8/14/2019 | $6,242.28 | XXX | $188,730 |
| Jason Fabiano | 30-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-002 | 6771 Buckingham Ave, Allen Park, MI 48101 | 3/31/2018 | 8/10/2018 | $28,453.74 | $10,620.80 | $162,400 |
| Natenin Kouruma | 33-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-000 | 6557 Heyden St, Dearborn Heights, MI 48127 | 3/31/2018 | 8/10/2018 | $10,570.69 | XXX | $128,790 |
| Cynthia Kelly PR for Estate of Irene Flores (Probate) | 60-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-300 | 6061 John Daly, Taylor, MI 48180 | 3/31/2018 | 8/10/2018 | $13,682.72 | $2,275.67 | $85,000 |
| Margaret Williams | 44-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-000 | 29648 Spring Arbor, Inkster, MI 48141 | 3/31/2017 | 8/21/2017 | $10,965.78 | $4,323.23 | $30,510 |
| Eshrak Awad | 33-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-000 | 4205 Hipp St, Dearborn Heights, MI 48125 | 3/31/2018 | 8/10/2018 | $13,573.00 | XXX | $139,900 |
| Michael Legion | 44-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-000 | 3517 Farnum, Inkster, MI 48141 | 3/31/2017 | 8/21/2017 | $10,698.37 | $4,211.54 | $68,000 |
| Michael Legion | 44-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-000 | 3635 Farnum, Inkster, MI 48141 | 3/31/2017 | 8/21/2017 | $9,329.77 | $3,586.14 | $90,000 |
| William D Parker | 44-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-000 | 29649 Judith, Inkster, MI 48141 | 3/31/2017 | 8/21/2017 | $18,520.17 | $8,961.30 | $67,900 |
| Tracy Smith | 44-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-000 | 350 Amherst, Inkster, MI 48141 | 3/31/2018 | 8/10/2018 | $8,491.05 | $8,491.05 | $89,000 |
| Group Holdings LLC (Lamar Grace) | 16/021684 | 17535 Monica, Detroit, MI 48221 | 3/31/2018 | 8/28/2018 | $9,134.95 | XXX | $135,000 |
| Group Holdings LLC (Lamar Grace) | 22/113601.006 | 20261 Lahser, Detroit, MI 48219 | 3/31/2018 | 8/28/2018 | $7,440.83 | XXX | $72,500 |
| Group Holdings LLC (Lamar Grace) | 22/084742 | 17230 Sunderland, Detroit, MI 48219 | 3/31/2018 | 8/28/2018 | $7,478.75 | XXX | $41,850 |
| Group Holdings LLC (Lamar Grace) | 22/027979 | 19712 Snowden, Detroit, MI 48221 | 3/31/2018 | 8/28/2018 | $7,344.60 | XXX | $124,900 |
| Group Holdings LLC (Lamar Grace) | 22/101510.004 | 20541 Stout, Detroit, MI 48221 | 3/31/2019 | 9/18/2019 | $4,147.25 | XXX | $45,900 |
| Group Holdings LLC (Lamar Grace) | 22/031481 | 18642 Tracey, Detroit, MI 48221 | 3/31/2018 | 12/18/2018 | $0.00 | XXX | $48,330 |
| Group Holdings LLC (Lamar Grace) | 22/028125 | 18253 Snowden, Detroit, MI 48221 | 3/31/2018 | 10/22/2018 | $4,589.84 | XXX | $34,830 |
| Janice Ryan | 44-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-000 | 26177 Lehigh, Inkster, MI 48141 | 3/31/2017 | 8/21/2017 | $13,579.87 | $3,126.78 | $25,110 |
| Derrick Warford | 44-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-000 | 1120 Helen, Inkster, MI 48141 | 8/17/2017 | 8/21/2017 | $9,677.38 | $4,540.50 | $39,960 |
| Lanier Thomas | 44-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-000 | 26632 Yale, Inkster, MI 48141 | 3/29/2017 | 8/21/2017 | $6,556.03 | $6,556.03 | $34,830 |
| Lawrence Holloway | 44-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-000 | 1950 Lexington, Inkster, MI 48141 | 7/24/2018 | 8/10/2018 | $6,006.25 | $6,006.25 | $38,610 |
| Stephanie Youles | 33-042-03-043-0000 | 25529 Lehigh St, Dearborn Heights, MI 48125 | 7/24/2018 | 8/10/2018 | $8,025.00 | XXX | $86,000 |
| Kamani Patterson | 44-006-01-06-13-000 | 1461 Woodland, Inkster MI 48141 | 3/31/2017 | 8/21/2017 | $9,395.78 | $4,418.64 | $36,180 |
| Robert Harvey | 79-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-000 | 18647 Five Points, Redford, MI 48240 | 3/31/2018 | 8/10/2018 | $7,562.00 | XXX | $64,260 |
| Zerrick Wynn | 44-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-002 | 1446 Crescent St, Inkster, MI 48141 | 3/31/2017 | 8/21/2017 | $5,399.30 | $5,399.30 | $42,120 |
| Michael Hogan | 60-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-002 | 8720 Pelham Rd, Taylor, MI 48180 | 3/31/2018 | 8/10/2018 | $9,989.55 | $3,531.41 | $91,260 |
| Shanterrio Parchman | 44-025-02-213-1000 | 26335 Hopkins, Inkster, MI 48141 | 3/31/2018 | 8/10/2018 | $4,949.82 | $4,949.82 | $34,830 |
| Alek Y Lyatker | 41-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-000 | 12158 Nagel St, Hamtramck, MI 48212 | 3/31/2018 | 6/8/2018 | $3,080.00 | XXX | $50,220 |
| Mark & Nakia Ray | 44-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-000 | 29137 Beechnut, Inkster, MI 48141 | 8/17/2017 | 8/21/2017 | $8,017.66 | $8,017.66 | $63,000 |
| Tory Seaton | 44-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-000 | 26135 Norfolk, Inkster, MI 48141 | 8/17/2017 | 8/21/2017 | $9,600.80 | $2,540.07 | $33,210 |
| Stafonii Richardson | 50-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-000 | 41 Le Blanc, River Rouge, MI 48218 | 7/24/2018 | 8/10/2018 | $13,334.63 | $3,712.40 | $23,760 |
| William Madden PR for Estate of Phylis Wall | 50-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-000 | 75 Pine St, River Rouge, MI 48218 | 7/24/2018 | 8/10/2018 | $5,445.80 | $2,525.53 | $28,890 |
| Adam Rakes | 50-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-000 | 84 E James St, River Rouge, MI 48218 | 8/9/2017 | 8/21/2017 | $8,410.79 | $4,499.62 | $39,690 |
| Tamika & Harold Lee | 50-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-300 | 55 Cora St, River Rouge, MI 48218 | 7/15/2019 | 8/14/2019 | $12,500.00 | XXX | $33,750 |
| Shannon Knight PR for Estate of Marckell Johnson | 50-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-000 | 104 Elm St, River Rouge, 48218 | 7/15/2019 | 8/14/2019 | $5,470.00 | XXX | $52,920 |
| Shannon Knight PR for Estate of Marckell Johnson | 50-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-000 | 95 Leroy St, River Rouge, 48218 | 8/10/2018 | 10/19/2018 | $11,474.50 | $3,417.63 | $30,240 |
| Shannon Knight PR for Estate of Marckell Johnson | 50-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-302 | 132 E Pleasant, River Rouge, 48218 | 7/24/2018 | 8/10/2018 | $6,751.54 | $3,464.97 | $27,270 |
| Amrik Mahal | 56-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-000 | 32156 Genesee, Westland, MI 48185 | 8/9/2017 | 8/21/2017 | $5,862.70 | $5,862.70 | $60,210 |
| Sonja Miller | 80-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-000 | 15682 Isabelle St, Romulus, MI 48174 | 8/9/2017 | 8/21/2017 | $6,962.00 | XXX | $136,000 |
| Eugene Campbell | 50-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-002 | 401 Campbell St, River Rouge, MI 48218 | 7/24/2018 | 8/10/2018 | $8,016.29 | $3,187.47 | $37,530 |
| Shevon Lucas-Johnson PR for Estate of Aaron Johnson | 50-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-302 | 433 Polk St, River Rouge, MI 48218 | 7/15/2019 | 8/14/2019 | $4,474.00 | XXX | $41,310 |
| Moya & Jermaine Henderson | 80-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-000 | 6938 Arlene St, Romulus, MI 48174 | 7/24/2018 | 8/10/2018 | $5,478.63 | $5,478.63 | $88,290 |
| Fredrick Henderson Trust | 80-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-000 | 6938 Arlene St, Romulus, MI 48174 | 7/24/2018 | 8/10/2018 | $5,478.63 | $5,478.63 | $88,290 |
| Mark Cruz | 45-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-000 | 541 Park Ave, Lincoln Park, MI 48146 | 8/10/2018 | 10/11/2018 | $5,062.78 | $5,062.78 | $49,140 |
| Mark Cruz | 45-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-000 | 943 New York, Lincoln Park, MI 48146 | 7/10/2019 | 8/14/2019 | $5,479.00 | XXX | $164,000 |
| Wyalean Levye | 44-002-03-011-9000 | 1931 Lexington Pkwy, Inkster, MI 48141 | 8/21/2017 | 9/6/2017 | $7,484.50 | $7,484.50 | $33,750 |
| BJI Rentals (Waylena Levye) | 44-009-02-056-3002 | 3620 Isabella, Inkster, MI 48141 | 8/21/2017 | 9/6/2017 | $8,483.95 | $3,481.62 | $17,280 |
| Lamont Hunter | 44-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-002 | 3105 Harrison, Inkster, MI 48141 | 9/10/2014 | 8/21/2017 | $2,038.29 | $778.02 | $12,960 |
| Hollie Wielkerwicz | 45-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-000 | 1741 Pagel Ave, Lincoln Park, MI 48146-3539 | 7/24/2018 | 8/10/2018 | $4,671.00 | $4,671.01 | $64,530 |
| Sharron Redding | 50-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-000 | 49 Oak St, River Rouge, MI 48218 | 7/15/2019 | 8/14/2019 | $3,141.00 | XXX | $25,920 |
| Rose Thompson | 80-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-003 | 5873 Wayne, Romulus, MI 48174 | 8/9/2017 | 8/21/2017 | $6,234.00 | $6,234.00 | $59,400 |
| Phylis Kaminsky | 80-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-302 | 6180 Central, Romulus, MI 48174 | 8/9/2017 | 8/21/2017 | $7,589.00 | $7,589.00 | $98,000 |
| Kandie L Moore | 80-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-000 | 37005 Menton St, Romulus, MI 48174 | 8/9/2017 | 8/21/2017 | $13,671.72 | $13,671.72 | $180,090 |
| Joshua Hensman | 34-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-000 | 21 W Josephine, Ecorse, MI 48620 | 8/9/2017 | 8/21/2017 | $10,544.00 | $2,398.18 | $32,940 |
| Lincoln Park Building LLC (Owner Scott Zack) | 45-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-000 | 1088 Southfield Rd, Lincoln Park, MI 48146 | 8/9/2017 | 8/21/2017 | $49,348.00 | $49,348.00 | $490,320 |
| Scott Zack | 45-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-000 | 1088 Southfield Rd, Lincoln Park, MI 48146 | 8/9/2017 | 8/21/2017 | $49,348.00 | $49,348.00 | $490,320 |
| Jamesha Brown | 50-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-307 | 10402 W Jefferson Ave, River Rouge, MI 48218 | 7/15/2019 | 8/14/2019 | $2,006.00 | XXX | $45,900 |
| Dorthy A Sinkiewicz | 57-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-002 | 3889 15th St, Wyandotte, MI 48192 | 7/24/2018 | 8/28/2018 | $12,231.62 | $7,346.72 | $117,000 |
| Dorthy A Sinkiewicz Revocable Trust John Fields Trustee | 57-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-002 | 3889 15th St, Wyandotte, MI 48192 | 7/24/2018 | 8/28/2018 | $12,231.62 | $7,346.72 | $117,000 |
| Dorsey Williams PR for the Estate of Patricia R Williams | 44-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-000 | 3736 Inkster Rd, Inkster, MI 48141 | 7/24/2018 | 8/20/2018 | $35,157.00 | $35,157.00 | $248,130 |
| Stardust Lounge | 44-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-000 | 3736 Inkster Rd, Inkster, MI 48141 | 7/24/2018 | 8/20/2018 | $35,157.00 | $35,157.00 | $248,130 |
| Jwan Bullard | 50-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-000 | 39 W Pleasant St, River Rouge, MI 48218 | 7/15/2019 | 8/14/2019 | $7,529.00 | xxx | $48,600 |
| Sandra Cartwright | 50-040-30-080-0000 | 214 Fairmont St, River Rouge, MI 48218 | 8/9/2017 | 8/21/2017 | $10,402.69 | $3,919.65 | $25,920 |
| Diana Mozurkewich Trustee Karl S Horvath Trust | 46-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-002 | 9614 Auburndale St, Livonia, MI 48150 | 7/24/2018 | 8/21/2018 | $2,168.84 | xxx | $241,110 |
| Diana Mozurkewich | 46-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-002 | 9614 Auburndale St, Livonia, MI 48150 | 7/24/2018 | 8/21/2018 | $2,168.84 | xxx | $241,110 |
| Francis Thorton | 45-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-001 | 1530 Cicotte Ave, Lincoln Park, MI 48146 | 7/24/2018 | 8/10/2018 | $15,205.28 | $15,205.28 | $81,000 |
| Jeffrey & Jennie Zajac | 46-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-001 | 16147 Henry Ruff St, Livonia, MI 48154 | 8/9/2017 | 8/21/2017 | $3,600.19 | $3,600.19 | $167,400 |